UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KATHRYN K. CULLEY | ) | |
| CHRISTIAN P. CULLEY | ) | |
| | ) | |
| *Plaintiffs* | ) | C.A. NO.  4:18-CV-40099 |
| | ) | |
| *vs.* | ) | |
| | ) | |
| | ) | |
| BANK OF AMERICA, N.A.; WELLS FARGO | ) | |
| BANK, N.A.; FIRST AMERICAN TITLE | ) | |
| INSURANCE COMPANY; HARMON LAW | ) | |
| OFFICES, P.C. | ) | |
| | ) | |
| *Defendants* | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS', BANK OF AMERICA, N.A. AND WELLS FARGO BANK, N.A., MOTION TO DISMISS WITH MEMORANDUM OF LAW OR IN THE ALTERNATIVE REQUEST FOR DISMISSAL OF PLAINTIFFS' COMPLAINT WITHOUT PREJUDICE

### INTRODUCTION

Now come the Plaintiffs, Kathryn K. Culley and Christian P. Culley, with this Opposition to Defendants' Bank of America, N.A. and Wells Fargo Bank, N.A.'s, Motion to Dismiss the Plaintiff's Complaint.  As grounds therefore, Plaintiff states that the claims set forth in the complaint and incorporated exhibits are valid and the purported foreclosure sale of Plaintiff's residential home by the Defendants' and Foreclosure Deed are invalid and void.  While the Plaintiffs filed this action pro se and the Defendants' claim that they are having difficulty deciphering the Plaintiffs claims, it appears that the facts and incorporated exhibits laid out by the Plaintiffs establish several viable and plausible causes of action.  Therefore in the alternative Plaintiffs respectfully request that

if a dismissal is granted for any or all of the claims that the Court dismiss the claims without prejudice so that they may be re-evaluated and organized by their new counsel.

## STANDARD FOR DISMISSAL

The short and plain statement required by Fed. R. Civ. P. 8(a)(2) must simply "possess enough heft 'to show that the pleader is entitled to relief.'"  Bell Atl. Corp. v. Twombley, 550 U.S. 544, 557 (2007) (internal quotations omitted). A complaint is plausible on its' face when "plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Twombley, 550 U.S. at 556).  A court must accept all factual allegations in Plaintiff's pleadings as true and must make all reasonable inferences in favor of the plaintiff.  Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005).

On a motion to dismiss under Mass. R. Civ. P 12(b)(6) the court must assume the truth of all facts in favor of the non-moving party and give them the benefit of all reasonable inferences therefrom.  In the case at bar, the Plaintiff has adequately plead facts that when taken in her favor would state a claim in which she is entitled to relief. The complaint sets forth allegations that would allow for the Plaintiff to recover under her set forth counts based upon the facts.

## ARGUMENT

The Plaintiffs' pro se complaint has set forth various plausible causes of action including: 1) promissory estoppal for Wells Fargo's initiation of foreclosure proceedings despite its' written statement to the Plaintiffs that they would "not anticipate any further foreclosure action until the litigation involving this property has been resolved"

(Paragraph 9, 71, 72 and Exhibit I of Plaintiffs' Complaint); 2) Defendants' contradictory and false statements with regard the date, time and form of notice of the foreclosure auction's postponement (Paragraph 13, 30 at p. 15-16,  of Plaintiffs' Complaint); 3) a claim under 93A for Defendants' failure to provide Plaintiffs with a copy of an endorsed Promissory Note under the pre-foreclosure requirements of 209 CMR 18.21A(2)(c) and providing a copy of said Note that contradicts the endorsements of 2 other copies of the Note that were provided by the Defendants resulting in 3 different copies of various endorsements on the purported Note (Paragraphs 23, 24, 40, 61, 71, 85 Exhibit N, Exhibit PP, Exhibit LL, Exhibit FF, Exhibit D of Plaintiffs' Compliant);   4) claims of misrepresentation of the various copies of the Note and misrepresentation of Power of Attorney as the Power of Attorney referenced in the Foreclosure Deed and attorney affidavits on record specifically state that the limited POA granting authority for Wells Fargo to act on BofA's behalf was for Actions for loans serviced by "BAC Home Loans Servicing, LP formerly known as Countrywide" while Plaintiffs' mortgage was never serviced by either BAC or Countrywide (See Limited POA attached as Exhibit B to this Opposition as well as Exhibits FFF and DDD to Plaintiffs' Complaint); and 5) a claim under 93A for the Defendants' selling the property at foreclosure auction for $400,000.00 less than the Fair Market Value thereby decreasing their own while increasing the Plaintiffs' tax liability on the sale (Paragraph 19, 83).

The Plaintiff prays that this Honorable Court deny Defendants' Motion to Dismiss and declare the foreclosure sale and Foreclosure Deed to be void, rescind the Foreclosure Deed to Defendant Bank of America and enjoin Defendants Bank of America and Wells

Fargo from any conveyance of the subject property, and award money damages to the Plaintiff.

## I.    PROMISSORY ESTOPPAL FOR WELLS PROMISE TO STAY FORECLOSURE PROCEEDINGS WHILE PLAINTIFFS' PENDING LITIGATION WITH THE BUILDER THE HOME WAS RESOLVED.

The Plaintiffs' pro se complaint when taking all reasonable inferences in Plaintiffs' favor states a plausible cause of action for promissory estoppal.  The Plaintiffs' Complaint states at Paragraph 9 alleges "damages that have resulted in a wrongful foreclosure, abusive lending, servicing and collection practices when after Wells promised on March 11, 2011 '**Following is confirmation regarding the issues discussed in our recent telephone cobversation.  1'hank you for taking the time to discuss this issue with me.  As we discussed in our conversation on Friday March 4th, 2011, the foreclosure action against your property has been closed.  At this time, WFBM does not anticipate any further foreclosure action until the litigation involving this property has been resolved** (emphasis and underline added) **See Exhibit I**".  Plaintiffs' Complaint goes on further to state in paragraphs 71 and 72 that "Wells also acknowledged that we had placed a title claim and filed a case against the builder, his partner, the engineer and the real estate agents.  Wells promised to stay the foreclosure, pending litigation against the builder and "ensures that your loan does not have any late fees, credit reporting, collection calls or letters of delinquencies through December 31, 2010 in order to allow for a ruling to be made on the current ongoing litigation. EXHIBIT K".

The above statements when taking into account the corresponding Exhibits regarding the pending litigation against the builder clearly indicate a promise made by

Wells Fargo intended to induce the Plaintiffs' into waiting to take any action regarding their alleged delinquency until the litigation with the builder was in Wells Fargo's words "closed".  The long and arduous litigation Plaintiffs' and Wells Fargo were referring to was the matter of Culley v. Cato, 0681CV04079 in Middlesex County Superior Court. The case consists of a long and somewhat bizarre sequence of events where the Plaintiffs' jury award of 1.1 million dollars was taken away by Middlesex Superior Court Judge Thomas Murtagh and reduced to one dollar, resulting in a plethora of appeals and subsequent motions.   (See attached docket sheet – Exhibit A of this opposition). Plaintiffs and the defendants in the Culley v. Cato matter have still not reached an agreement as to damages and the docket shows that although judgement and appeals have been decided, the matter is not "closed" in accordance with the promise made by Wells Fargo.

Based on the detailed amounts involved and the magnitude of the Culley v. Cato litigation it may be inferred from the Plaintiffs' Complaint and the accompanying Exhibits that Wells made this promise not to foreclose because the Plaintiffs' purchase of the property could be voided by the litigation or that Plaintiffs could be awarded damages in an amount sufficient to pay off their mortgage with Wells Fargo in full.  It can further be inferred that Wells promise was reasonably relied on by the Plaintiffs and induced the Plaintiffs' to refrain from pursuing options with regard to their delinquency such as loss mitigation of sale of the property.   For the outcome of the pending litigation would determine the validity of the underlying debt if the litigation resulted in rescission of the purchase of the property by the Plaintiffs.  In addition the Plaintiffs' Complaint indicates a promise by Wells to refrain from charging "late fees, credit reporting, collection calls or

letters of delinquencies" which are damages that may be ascertained by an accurate accounting of Plaintiffs' account with Wells Fargo.   Therefore the charging of late fees and foreclosing on Plaintiffs' home while inducing Plaintiff to wait until the pending litigation with Cato was "closed" before on taking any action was inherently unfair.

## II.   PLAINTIFFS' COMPLAINT AND EXHIBITS SHOW THAT PLAINTIFFS' WERE NOT PROPERLY NOTICED OF THE FORECLOSURE SALE BECAUSE THE CORRESPONDENCE FROM WELLS FARGO CONTRADICTS THE DATE AND MANNER OF POSTPONEMENT.

The foreclosure by power of sale requires that a foreclosing bank must "comply [] with the terms of the mortgage…" G.L. c. 183, § 21.  If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then a foreclosure is void. U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 428 (2014) ("Failure to comply strictly with the power of sale renders the foreclosure void.").

G,L. c. 244, § 14 entitled "FORECLOSURE UNDER POWER OF SALE; PROCEDURE; NOTICE; FORM"  is a statute directly related to the power of sale which states in pertinent part:

> The mortgagee…may, upon breach of condition and without action, perform all acts authorized or required by the power of sale; provided, however, that no sale under such power shall be effectual to foreclose a mortgage, unless, previous to such sale, notice of the sale has been published once in each of three successive weeks, the first publication of which shall not be less than 21 days before the day of sale, in a newspaper published in the city or town where the land lies or in a newspaper with general circulation in the city or town where the land lies *and notice of the sale has been sent by registered mail to the owner or owners of record* of the equity of redemption…

> (Emphasis added)

One of the leading cases decided by the Massachusetts Supreme Judicial Court with regard to foreclosures under the Statutory Power of Sale is U.S. Bank Nat. Ass'n v.

Ibanez, 458 Mass. 637 (2011).   In Ibanez the Court explained that "where a mortgage grants a mortgage holder the power of sale . . . it includes by reference the power of sale set out in G.L. c. 183, § 21, and further regulated by G.L. c. 244, §§ 11-17C . . . Recognizing the substantial power that the statutory scheme affords to a mortgage holder to foreclose without immediate judicial oversight, we adhere to the familiar rule that 'one who sells under a power of sale must follow strictly its terms.  If he fails to do so there is no valid execution of the power, and the sale is wholly void".   The Ibanez court further stated that "*a related statutory requirement that must be strictly adhered to in a foreclosure by power of sale is the notice requirement articulated in G.L. c. 244, § 14 . . . 'The manner in which the notice of the proposed sale shall be given is one of the important terms of the power and a strict compliance with it is essential to the valid exercise of the power*' (emphasis added) Moore v. Dick, 187 Mass, 207, 212 (1905) See Chace v. Morse, 189 Mass 559, 561 (1905) ("where a certain notice is prescribed, a sale. . upon a notice lacking the essential requirements of the written power, would be void as a proceeding for foreclosure)" Ibanez at 647.

The foreclosure sale that is the subject of the Foreclosure Deed in this case was conducted in violation of Chapter 244 § 14 because the notice of the postponement pursuant to said statutes was not sent via certified mail and no public proclamation was actually made on October 18, 2017.  The Plaintiffs' Complaint states in paragraph 30 at pgs. 15-16 that the foreclosure sale of the Plaintiffs' home on October 18, 2017 was not continued by public proclamation as was sworn to by affidavit of Wells and BofA's counsel.  Plaintiffs however were present at the property at the time of the auction on October 18, 2017 and in fact have a video recording of the purported auctioneer who

drove to the front of the property and after staying in his vehicle for 10 minutes exited his vehicle and walked back and forth in front of the property before returning to his vehicle. Although the video recording was cancelled just prior to the purported auctioneer re-entering his vehicle, Plaintiff Christian Culley has sworn to his verified Complaint and asserts that no "public proclamation" was made notifying him that the October 18, 2017 auction was postponed.

### III.   PLAINTIFFS HAVE PLED A PLAUSIBLE 93A CLAIM AND A BREACH OF THE APPLICABLE LAW PROVISION OF THE MORTGAGE FOR FAILURE TO PROVIDE A TRUE COPY OF THE PROMISSORY NOTE IN ACCORDANCE WITH 209 CMR 18.21A(2)(c).

It has become standard foreclosure law throughout Massachusetts and the First Circuit that in order to properly exercise the power of sale, a mortgagee and its servicer must strictly follow the terms of the mortgage contract and the "applicable law" related to the power of sale. U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 645-646 (2011) [(in light of the "substantial power that the statutory scheme affords to a mortgagee to foreclose without immediate judicial oversight, we adhere to the familiar rule that 'one who sells under a power of sale must follow strictly its terms'"; the failure to do so results in "no valid execution of the power, and the sale is wholly void." Ibanez, 458 Mass at 646, quoting Moore v. Dick, 187 Mass. 207, 211 (1905)].

In accordance with the pre-foreclosure requirement of Massachusetts Regulation 209 CMR 18.21A(2)(c), Wells Fargo as servicing agent of BofA purportedly sent Plaintiffs "A copy of the Note and any endorsements and/or allonges, if any, is attached hereto and incorporated herein".   (See Exhibit PP of Plaintiffs' Complaint correspondence dated 3/23/17).   The endorsement on said attached Note is endorsed in

blank by "Gateway Funding Diversified Mortgage Services, LP".  The endorsement on the copy of the Note provided by Wells to purport compliance with 209 CMR 18.21A(2)(c) is contradicted by 2 other copies of the Note provided by Wells that contain a specific endorsement from Gateway to "Wells Fargo Bank, NA" with no endorsement in blank from Wells. (See Exhibit D and Exhibit FF correspondence dated 2/6/17 of Plaintiffs' Complaint).

Since the owner of a note that is endorsed in blank is the holder of said note, it may be plausibly inferred that the copy of the note provided to the Plaintiffs that purports compliance with 209 CMR 18.21A(2)(c) was provided in an attempt to conceal the fact that other copies of the note show a specific endorsement from Gateway to Wells Fargo and not an endorsement in blank by Gateway.  Plaintiffs therefore assert that Wells' attempt to pass off the Plaintiffs' Note as having "any endorsements" in order to comply with 209 CMR 18.21A(2)(c) when the Note provided does not in fact display endorsements is beyond negligent and "extreme or egregious conduct" in order to justify a claim under 93A.  See Johnson v. Wilmington Trust, N.A., No 16-cv-10422-IT, 2016 WL 5109510, at *1 (D. Mass. Sept. 20, 2016) (bringing a cause of action alleging a violation of 209 CMR 18.21A(2)(c) gives rise to a 93A claim).

In addition Wells failure to comply with 209 CMR 18.21A(2)(c) in this regard is a breach of the Mortgage itself which states at paragraph 22 that the mortgagee may invoke the Statutory Power of Sale "permitted by Applicable Law" and "the Property shall be sold in the manner prescribed by Applicable Law".  "Applicable Law" is defined in the Mortgage as including "all controlling applicable federal, state, and local statutes, regulations".

## IV.   DEFENDANTS' FORECLOSURE DEED LACKS STANDING BECAUSE THE POWER OF ATTORNEY REFERENCED DOES NOT AUTHORIZE WELLS TO EXECUTE DOCUMENTS RELATED TO PLAINTIFFS' MORTGAGE.

In order to be valid, a power of attorney must be recorded in the registry of deeds for the county or district in which the land to which it relates lies.  G.L. c. 183, § 32 ("The law relative to the acknowledgement and recording of deeds shall apply to letters of attorney for the conveyance of real estate.); G.L. c. 184, § 4 ("A conveyance . . . shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons having actual notice of it, unless it . . . is recorded in the registry of deeds for the county or district in which the land to which it relates lies.").  Ramos v. Jones, 2015 WL 653260, at 4 n.7 (Mass Land Ct. Feb. 12, 2015) ("Powers of attorney would have had to have been recorded in order to be effective with respect to the rights of any outside party.")  The Limited Power of Attorney referenced on the Foreclosure Deed (Exhibit FFF of Plaintiffs' Complaint) in Book 56943 Page 349 of the Middlesex Registry of Deeds states that "This Limited Power of Attorney is intended to cover Actions, as such term is defined herein, taken in the name of Bank of America, N.A. is the successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing LP".  The Plaintiffs' Mortgage has never been related to Countrywide or BAC.  Therefore the Power of Attorney referenced is not valid as the the Plaintiffs' mortgage and purported foreclosure.  Therefore, the Foreclosure Deed is void because it fails to comply with the mandatory language of G.L. c. 184, § 4 requiring a Power of Attorney to be recorded prior to the Deed.

## V.   THE PLAINTIFFS' 93A CLAIM FOR FAILURE OF DEFENDANTS TO MAXIMIZE THE SALE PRICE AT THE FORECLOSURE AUCTION IS A PLASIBLE CLAIM FOR RELIEF.

The Massachusetts SJC has held that "inadequacy of price will not invalidate a sale, unless it is so gross as to indicate bad faith, or a want of reasonable judgment and discretion in the mortgagee" and that a mortgagor has a "duty, for the benefit of the mortgagor whom he represents, so to act in the execution of the power as to obtain for the property as large a price as possible."  Clark v. Simmons, 150 Mass 357 (Jan. 1 1890), Learned v. Geer, 139 Mass. 31.  It is plausible to infer that a sale at $142,000.00 less than the 2018 tax assessment of $664,000.00 is at least a want of reasonable judgment on the Defendants' part since "a mortgagee who attempts to execute a power of sale contained in the mortgage is bound to exercise good faith, and to use reasonable diligence to protect the rights and interests of the mortgagor under the contract" Montague v. Dawes, 14 Allen 369, Drinan v. Nichols, 115 Mass. 353; Thompson v. Heywood, 129 Mass. 401; Briggs v. Briggs, 135 Mass. 306.  While it may be odd that both bidders at the auction backed out, a price at 142K less than the tax assessment is not exercising reasonable judgment in the Plaintiffs' interests especially in light of the Defendants possibly larger claim of a loss on their 2018 taxes.

## CONCLUSION

The Plaintiffs' Complaint sets forth several plausible cause of action including: promissory estoppal, lack of notice, failure to provide a true copy of the note and purporting to provide a false copy of the note in order to purport to comply with 209 CMR 18.21A(2)(c) and applicable law, lack of authority to execute the foreclosure deed, failure to use reasonable judgment in obtaining the highest price at foreclosure sale. Based on the above Plaintiff respectfully request this Honorable Court declare that the foreclosure and Foreclosure Deed are void and deny the Defendants Motion to Dismiss.

11

Respectfully Submitted, Plaintiff,
By her Attorney,


/s/ Todd S. Dion
Todd S. Dion Esq. (BBO# 659109)
15 Cottage Avenue, Suite 202
Quincy, MA 02169
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com

## CERTIFICATE

I, Todd S. Dion, hereby certify that this document frilled through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, if any, on September 11, 2018.

/s/ Todd S. Dion_____